# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAZAN CADIR DEVESA RODRIGUEZ,

        Petitioner,

        v.                                                                             Case No. 2:26-cv-00007-KWR-KRS

MELISSA ORTIZ, *in her official capacity as*
*Acting Warden of the Torrance County Detention Center*,
MARISA FLORES, *in her official capacity as*
*Acting Director of Immigration and Customs Enforcement's*
*Enforcement and Removal Operations El Paso Field Office*,
TODD LYONS, *in his official capacity as*
*Acting Director of Immigration and Customs Enforcement*,
KRISTI NOEM, *in her official capacity as*
*Secretary of the Department of Homeland Security*,
PAMELA BONDI, *in her official capacity as Attorney General*,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

        Respondents.

## **ORDER**

        THIS MATTER comes before the Court on Petitioner's Notice of Noncompliance (**Doc. 16**) and the Parties' Joint Status Report (**Doc. 19**). Having reviewed the Notice, Response, Joint Status Report, and the relevant law, the Court finds that it lacks subject-matter jurisdiction over the arguments presented in the Notice. Accordingly, the Court declines to hear the matter; Petitioner's request for relief will be dismissed.

        On February 12, 2026, this Court ordered Respondents to hold an individualized bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a). Doc. 14 (Memorandum Opinion and Order); Doc. 15 (Judgment). The Order prohibited Respondents from denying bond because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). Doc. 15.

On February 18, Petitioner notified the Court that an immigration judge ("IJ") had denied him bond "against this Honorable Court's decision" at his custody hearing. Doc. 16 at 2. Petitioner further contended that the IJ deprived him of a "meaningful bond hearing" because the IJ found him to be flight risk without appropriately weighing the factors, instead relying on "blanket assumptions" that misconstrued the facts and evidence before the IJ. *Id.* at 2–3. Due to Respondents' noncompliance, Petitioner asked the Court to order his release. *Id.* at 4.

The Court ordered the Respondents to respond to the Notice. Doc. 17. On February 19, Respondents asserted that the IJ held a bond hearing in compliance with the Court's order. Doc. 18 at 1. Although the IJ made his position known regarding Petitioner's status under § 1225, the IJ ultimately found in the Petitioner to be a flight risk under § 1226. *Id.* Respondents subsequently filed a Joint Status Report in compliance with the Court's Order, which compiled the parties' arguments. Doc. 19.

According to Respondents, the Court lacks subject-matter jurisdiction over the Notice because Petitioner asks the Court to review a discretionary decision under § 1226. *Id.* The Court agrees with Respondents. After stating that Petitioner was ineligible for bond as an arriving alien under § 1225(b), the IJ found, in the alternative, that Petitioner was a flight risk for specific reasons. Doc. 16-1 (Order of the Immigration Judge). Accordingly, the Court finds that IJ complied with the Order by not imposing mandatory detention under § 1225(b).

Petitioner acknowledges that the IJ complied with the Order to the extent that the IJ did not deny bond solely due to his status as an arriving alien under § 1225(b). *See* Doc. 16 at 2. Petitioner's Notice and basis for requested relief rests on his assertion that the IJ did not properly rely on the evidence before him in determining that Petitioner is a flight risk. *See* Doc. 16 at 2–4;

2

Doc. 16-2 at 32–111 (Exhibits C–O).  In essence, Petitioner asks the Court to review the IJ's reasoning and findings.

Under § 1226(e), "No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk.  *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (citing *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999)); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). Because the IJ complied with the Order, and Petitioner's Notice challenges the IJ's discretionary decision to deny bond under § 1226(a), the Court finds that § 1226(e) strips the Court of subject-matter jurisdiction.

Petitioner's Notice seeks release from custody, Doc. 16 at 4, which the Court has construed as a motion.  Based on the findings above, Petitioner's request for relief is **DISMISSED** for lack of jurisdiction.

    **IT IS SO ORDERED.**

                                                           /S/  
                                                       KEA W. RIGGS  
                                                       UNITED STATES DISTRICT JUDGE